Good morning, your honors. May it please the court, I'm a Davidson of the New England West, for the plea of Helen Dahlia Huynh. I would like to reserve two minutes for rebuttal. When prison staff diagnosed Mr. Huynh in 2006 with tuberculosis, they gave him a warning, which was that if he started preventive treatment and failed to finish it, he put himself at risk for developing drug resistance. And to ensure that Mr. Huynh fully understood that risk, they had him sign an official prison consent form that made that warning explicit, before allowing him to start the preventive treatment. The prison staff were to give Mr. Huynh two doses of the drug isoniazid every week for six months, every Tuesday and Thursday. But the prison staff fell down on the job with him. After a single week, any semblance of regular or reliable treatment vanished. And over the course of the next six months, Mr. Huynh failed to receive a full third of his isoniazid doses. All right, you got us well into the facts, counselor, but I'm going to stop you just a little bit. Why isn't that? One shouldn't suggest that this appeal is not timely. So, Your Honor, defendants have raised the issue of timeliness. In this case, Mr. Huynh asked a fellow inmate, Darius Mort, to draft and file his notice of appeal, and Mr. Mort has submitted declarations to this court that satisfy Rule 4c. Well, he's got declarations in, but as you well know, the prison has submitted evidence that no such documents were ever listed in the mail log. And, Your Honor, we submit that the absence of the dictionary in the mail log in this case does not suffice to report the declarations. So, on this point... Well, I guess the question is, is it enough to send it back for a hearing? Your Honor, there is no reason why this property is sent back for the hearing. The record on appeal has been... Well, there's no question what the record is. The record is that there are some declarations, and those are declarations, if you will, from the jailhouse lawyer, and he files the bill on April the 24th, and it says that either at the postage of the prisoner was to have the postage from the trust account, and then we got on the other hand that there's nothing in the mail log which would suggest it was ever sent. With that in front of us, is there a case which would suggest that we could automatically suggest it's timely? You nod. Maybe we ought to have a hearing. And, Your Honor, typically when this court is remanded on a timeliness issue, it's because there is no evidence in the record as to when an inmate gave the document to prison officials or where the state has not had a chance to challenge that evidence, but both of those things are in the record here. So, there is no reason for remand. We can just take the declarations that are in the record, since enough to meet the timeliness obligation, even though there's evidence that those were never put in the mail log to prison. Correct, Your Honor, because the prison mail log rule was created by the Supreme Court to account for the fact that when a prisoner hands a document to prison officials, he's lost control of them. And here, when Mr. Morton gave the Notice of Appeal to prison officials, he had no control over what happened next. He doesn't know if the prison official even took that document to the mail room, let alone had it logged. Okay, I want to make sure that's where you are. Let me go forward. My colleagues can help any time. It seemed to me that this case relies on whether there's a medical expert that would say what your client needs to have said. We do have, as you've already pointed out, a couple of documents in the record that might give some indication of what he argues, but they're really none in either. I mean, they don't have any speak-for-themselves type to approach. I don't even know what they mean when they say. So it worries me that the reason the district court went with it is because there was no expert testimony. The only expert testimony there is from, if you will, a warden who is an expert who says, doesn't matter, one went. And based on that evidence, the district court went where they went. So is there a case which would suggest that then maybe there's an abuse of discretion in refusing to appoint counsel? Was that all there is to the record? I thought that there was something that was regarding the release that he signed to begin with when he undertook that treatment. Yes, Your Honor. So I would make two points. The first is that, in fact, Mr. Hoyt did submit powerful evidence of the fact that he is at risk of drug-resistant tuberculosis. He has a document which would say what it says, I guess. But now you have an expert, you've got a medical expert who's standing there saying, doesn't matter, that's just to cover your backside document that you have. As truth is, the medical evidence is sufficient to say it won't happen. Except in this case, the expert, Dr. Malavitani, never even addressed the consent form in her declaration. So we have a statement in a CDCR official form that's given to inmates with latent tuberculosis that says if they don't take all their medication, they are at risk of drug-resistant tuberculosis. It would be a hard thing if I were the district court to have an expert address a form. I don't think that would be something. I care what the expert said because the expert is necessarily going to put down the form if they don't agree with the form. And that's not the way we evaluate evidence anyway. My worry is that this written stuff really doesn't rise to a question of fact, which is what the district court said. And that's why I'm putting you in on point. I mean, if he'd had counsel, he may have been able to get the expert. Right. So, first of all, the district court, I don't think he considered the consent form at all. The district court said he talked to the experts. It is completely unsuited. And because Mr. Huynh did not have counsel appointed, no one ever deposed the defendant's expert. And if so, she was never asked about the contradiction between her testimony and what's in the consent form. She was never asked why she didn't address it. She was also never asked about her publicly available articles regarding tuberculosis. And certainly, have Mr. Huynh been appointed counsel, his case is an exceptional one. Defendant's expert could have been deposed. And he could have potentially also had an expert witness to support his side of the facts. If the defense experts had really supreme qualifications to apply on this issue. She did, Your Honor, but that doesn't mean she's necessarily correct. And in this case, we do have a genuine dispute where we have a document in the record that explicitly contradicts her testimony. So what is the case that is going to give me the opportunity to say, in this case, the court abused his discretion in refusing to appoint counsel? Your Honor, the closest case on point would probably be a non-presidential one, which is T.I.U. McInnes. So unfortunately, there seem to be very unaccomplished decisions in this area. But that is a case that involved a medical question, which the court took into account the plaintiff's need for an expert witness. Was this the awful record that the California Penal System has with regard to the medication? Is there any weight to this thing? I think so, Your Honor. Absolutely. And certainly, that would be evidence that, if we now should this court grant the relief requested, I imagine any appointed counsel would want to do that. And with that, if I might reserve the rest of my time. You may. Good morning, Your Honor. Mr. Joseph, we are here for a debate instead of a release. May it please the Court. There is a dispute as to whether this court has jurisdiction. And therefore, the case should be remanded to the district court for an inventory hearing to determine whether, in fact, Mr. Quinn finally feels in his judgment. Did you read Koch versus Ricketts? I did. 68, February 11, 91. It seems to me that Koch v. Ricketts would militate directly against what you just said. It seems to me Koch v. Ricketts would say, since three declarations have been filed, those declarations suggest the appeal was filed on time. It doesn't matter what the conviction to evidence is. I believe in Koch, Your Honor, if it was actually a remand. What the Court of Appeals has said is that we don't need to remand for a second time because during the first remand, he wants to finish your hearing. And it develops health of the record in order for it to make a determination. However, in this case, this court has yet to make a determination. Well, yes, I'm trying to figure out with Koch on the books and the fact that there are three declarations saying that they were filed on time, not really have any conflicting evidence, except the jail log doesn't ever say it without. In the case, our v. Carey says that the prison bail volumes were strong evidence of if and when inmate provides a notice of appeal to prison staff. And what we have here is a concept, one that rests not only on the credibility of the remand, but also on the accuracy and the completeness of the prison bail volumes. And the district court would be better equipped to resolve this dispute because he can't call witnesses, assess credibility, and determine, in fact, whether the prison bail volumes is accurate and actually complete. Well, we've heard your argument on that. Let's turn to the second point. If the court does have jurisdiction in honoring, I believe it's an affirmative judgment. In order to do that, how can it affirm the judgment when, if the defendant didn't have counsel, the whole case relies on an expert witness against a couple of documents which say the opposite of what the expert witness says. And if the defendant had had some counsel, they may have been able to produce an expert contradicting the warden's expert. Well, Your Honor, first of all, I believe the witness that was submitted by Mr. Quinn was insufficient. It does not indicate that there is a substantial or excessive risk to his future harm, nor does it indicate that the chances of him developing an active or drug-resistant TB is very unlikely, Your Honor. My question assumes that. In other words, I say, assuming he gave you everything that he had, which would present his point, and he said, I need some counsel to help me. And the warden brings in this expert above experts and says all that they have to say, and he's left with no opportunity to get an expert encounter. The standard review is abuse of discretion for appointment of counsel. Abuse of discretion can arise at any point. If early on, the trial judge doesn't see any basis for it. Your Honor, the trial judge, I say this all the time, is the case develops, and once you see that the other side has a red-hot expert, you better get one. Then the test changes. Well, Your Honor, in this case, the only motion for appointment of counsel that was made by Mr. Quinn was made early on. It is just a motion being made. The trial judge has to be aware of this as the case progresses. He can't just deny it at the beginning. So often, at the beginning of a case, you say, well, there's no need for counsel here. But as the case develops, you see the three of those. You don't have to renew the motion in order to have it be before you as a judge. Well, Your Honor, I would say that the appellant has argued here that Mr. Quinn should have been appointed an expert. He was sponsored by the district court judge. Well, I didn't know why the expert was sponsored. All I want is counsel. Now, let me ask you this further question. I read the district court's reasons for denying the request. There were no reasons. How can I, as a circuit judge, be helped to sustain what the district court did if I don't know why they didn't? Your Honor, you're correct in that. I would have been saying that there were no exceptional circumstances. There's no such thing. He didn't even say that. The district court didn't say anything except denied. And if there are none, I know why. And if there are none, I've reached out for one. No, I'm not arguing. It makes it pretty tough when the district court doesn't give us anything to look at, doesn't it? And if the court finds that it cannot determine whether the district court abused its discretion, it should remand the case to the district court so that it can provide its reasons as to why it denied the motion. What was that request made? Counsel. Mr. Wynn's original case was dismissed on screening. He successfully appealed to this court and had it reversed, and his case reinstated. His motion was made following the motion to dismiss. So at the time he made his motion for a punctuative counsel, the case wasn't yet settled. In fact, the defendants had to answer it. At the time he wanted counsel, he had stated a claim for relief. The CDCR medical release form suggested that his claim had merit, and because the issue is medically complex, it's unlikely he can articulate the arguments on his own. At this time, we know that he has stated a claim. However, at the time he made his motion for a punctuative counsel, he was pending a motion to dismiss not only on the grounds that he failed to sit a claim, but also on the grounds that he failed to exhaust the CDCR. Mr. Wynn refuses to be asked for counsel after the remand. We know that the complaint stated a claim. Yes, after remand, the defendants filed a motion to dismiss on the grounds that Mr. Wynn failed to sit a claim, but also on the grounds that he failed to exhaust the CDCR. At that point, he asked for counsel. At that point, he asked for counsel. The district court denied him without giving any reasons. The district court denied him because it did not find there was exceptional circumstances, and this was long before the motion was made. On October 29th, the motion was denied on November 7th, and the findings and recommendations to deny the motion to dismiss were not issued until January, and the findings and recommendations were not adopted until March 28th. So I believe the district court was well within its discretion to deny plain disclosure for a punctuative counsel, pending the outcome of that motion to dismiss. The motion is dismissed on reasons. There's just no exceptional circumstances. The worry that I have about that is I have plenty of precedent that says if you don't give reasons to the panel to determine what you're doing and why you're doing, we should remand, and it's an abuse of discretion, and we should remand, and now you have to look at it again. If that's what the court believes that should happen, then that's what it should do. However, in this case, given the timing of the motion and the fact that up until that point, the plaintiff did an excellent job. He had understood his claims. He had successfully appealed to this court. And that makes this case rather exceptional to me because this is where in the Eastern District of California, there are prisoner claims and prisoner claims and prisoner claims, and they get dismissed by the thousands on screening. And here we have an appeal to this court, which would say that this complaint states a claim, and it goes back, and the district court still denies counsel without giving any reasons. That seems pretty disconcerting. And that's only one factor, Your Honor. There are thousands of claims that pass the screening in which a plaintiff representing himself has stated a claim. However, we don't have to determine whether a client is complex in any issues, whether the plaintiff could not properly articulate his claims. In this case, he could. Let me ask you, why do you think this is very complex? He's got two documents which back him up exactly as to what he says. Those documents, yes, they're only documents. They don't speak out. They're not an expert. It seems to me that this city, and then you look at what we're really talking about here, whether getting this medicine is going to hurt him or whether it isn't going to hurt him. And you've got two documents, and then you've got an expert saying, no problem. It seems to me that's about as complex as you're going to get. That's when I was the oldest insurance defense counselor, so I always had to have an expert because it's medical evidence, and it's medical evidence I've come to verify. I go, how could they get less complex than that? Well, Your Honor, there are hundreds, if not thousands, of medical evidence cases that are filed all the time by prison inmates in California in which experts are potentially necessary. In fact, there's also head-mounted cases that are filed by inmates in which experts aren't necessary, otherwise the case cannot go forward. And this case is no more exceptional than many of those cases that are filed on a daily basis in California. So as my good colleague has said, even though we said he stated a claim, at that point there wasn't any motion to dismiss. That was not just for failure to state a claim, but also based on the failure to absolve the administrator from the use of that motion had been granted at the time before it was considering winning motion to appoint counsel. There would have been a zero likelihood of success on the merits if the case would have been over at that time. And it wasn't granted, but now we have the benefit of hindsight. At that time, when the court made its decision, the decision wasn't illogical. It was supported by all inferences from the record at that point. All right, time's up, unless the panel has any other questions. I do. You're not suggesting that the decision to appoint counsel is a one-time-only thing, are you? In other words, sometimes you'll get a case where I'm pleading to a pro se that's doing a pretty good job, so you think, you know, it's not that complicated a case and now that he's representing himself well, and so I'm not going to appoint counsel. And the case goes along and develops as it did here where you've got a really good expert on the other side, but he's got some evidence also that changes the picture. And the court has to consider how things have changed and decide, well, I guess probably I should appoint counsel. You're not suggesting that just because the court was right back when, later on, the court doesn't have an obligation to appoint counsel, are you? In this case, I don't believe it's a reasonable discretion for the court to have denied his original motion for appointing counsel. And as the attorney points out, the court can, if it deems necessary, appoint counsel on its own. However, in this case, I don't believe it was a reasonable discretion not to. Mr. Gooding, who had understood his claims, he was forwarding the very claims in terms of his harm and future damages back to the drug-resistant TB that he's reporting today. He submitted documents, even the CDCR document, which we do not believe created a drug-resistant effect, but I believe it was close enough where the court can say, absolutely, this plaintiff could not prevail without an expert. Furthermore, the court, I don't believe, is an advocate for the plaintiff, so we can't say, well, I believe I would help plaintiff prevail if I am provided a counsel or an expert. So I believe in this case, I don't believe it was a reasonable discretion, particularly considering that Mr. Gooding had moved for counsel previously, so he knew how to move for counsel and that he could do that. And at the time this man has filed this motion, this jury judgment, six months had passed before he filed this opposition. So, Mr. Gooding, in six months, if you so desire to do counsel or an expert under Federal Amendment 706, you have ample opportunity to file another motion or a new motion to tell the court, look, I see this motion is supported by an expert declaration. I can't defeat this without an expert. Please apply to be an expert under 706, or please apply to be counsel, so I can get one. So let me ask you a practice question out here. I don't know the answer to it. I'm just curious. Do your district court judges out here ever make, really going through and getting a court-appointed lawyer and then having the court-appointed lawyer, then going to find an expert? Do the courts ever have a court-appointed expert in a situation like this and start circuiting the plaintiff's counsel and the counsel getting an expert? Does that ever happen? In my experience, it happens rarely. I don't see it happen that often. However, the court is one with its discretion to appoint an expert, although that expert wouldn't be an advocate for the plaintiff. It would assist the court in understanding the issues. And in this case, that expert could have assisted the court in determining whether there was a chance of active or drug-resistant TB. And on that final point, I believe that the document here, the point you submitted, that there was a risk. While it says there was a possibility, it doesn't rise to the level of a substantial or excessive risk of harm. In other words, it was surely or very likely sober. Thank you. Thank you very much. Thank you for your argument. I'd like to ask you to go over. We'll let you have a minute to go ahead. You might as well reserve that. Go ahead. Thank you, Your Honor. On counsel's last point regarding the surely or likely question, what Helen actually instructs on page 36 is that what has to be considered is not only the magnitude of the risk but also the seriousness of the harm and whether that would violate contemporary standards of decency, and that is a jury question. So a jury would be entitled, for example, to take a situation where you have a greatly increased risk of maybe a slightly benign condition or a slightly increased risk of a fetal misconduct condition, and in both cases conclude that there was unreasonable engagement with an inmate's health. So with that, we would like to ask the court to vacate the jury judgment decision to also vacate the partial dismissal of Flynn's claim as opposed to October 2006, and to revamp the pleading stage for appointment of counsel if you are participating in our pro bono case. That is correct, Your Honor. Thank you very much. Thank you. Judge Shorst stole my comments right out of my mouth. I appreciate your expertise so much for your work, especially as a pro bono lawyer. Thank you so much. Thank you. All right, so Case 14-16100 is submitted.
judges: Schroeder, N.R. Smith, Piersol